United States District Court
Middle District of Florida
Jacksonville Division

**RONALD JACKSON SR.,**

       *Plaintiff,*

V.                                                                          **NO. 3:19-CV-1305-J-20PDB**

**MORTENSON ENERGY SERVICES, LLC,**

       *Defendant.*

---

# Order

The defendant moves to compel the plaintiff to respond to interrogatories and requests for production served on January 22 and for an award of expenses associated with preparing and filing the motion. Doc. 13. The defendant explains its counsel contacted the plaintiff's counsel at least four times between February and March about the overdue responses before filing the motion to compel on April 9, and the plaintiff never provided the discovery or asked for an extension.[1] Doc. 14 at 3–4; *see* Docs. 13-5, 13-7, 13-8, 13-9 (emails to counsel).

The plaintiff explains he belatedly responded to the discovery requests on April 14 and will pay any expenses ordered by the Court. Doc. 14.

If a party provides requested discovery after the filing of a motion to compel, the Court "must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including

---

[1]A party must respond to interrogatories and requests for production within 30 days of service unless the court orders, or the parties stipulate to, a different response time. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).

attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i–iii).

The plaintiff responded to the defendant's discovery requests after the filing of the motion to compel, and none of the circumstances for non-payment apply, as the plaintiff appears to concede. The emails included with the motion to compel suggest fault lies with counsel, not the client. The Court **grants** the motion, Doc. 13, to the extent the plaintiff's counsel must pay any reasonable expenses incurred in moving to compel and otherwise **denies** the motion as moot and without prejudice. By **May 15, 2020**, counsel must confer in good faith to agree on an amount. If counsel cannot agree on an amount, they should call the Courtroom Deputy, Angela Loeschen, at (904) 549-1952 to schedule a telephone hearing on the matter.

**Ordered** in Jacksonville, Florida, on April 28, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:      Counsel of record